# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

NABIJON N.,

               Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; TODD BLANCHE, *Acting U.S. Attorney General*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, *Acting Director for ICE Field Office, St. Paul, MN*; and WARDEN, *Sherburne County Facility*,

               Respondents.

Case No. 26-cv-2469 (LMP/LIB)

**ORDER**

Jennifer Scarborough, **Law Firm of Jennifer Scarborough, Minneapolis, MN**, and Magdalena B. Metelska, **Metelska Law, P.L.L.C., Hopkins, MN**, for Petitioner.

Pedro del Valle, IV, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Nabijon N. filed a petition for a writ of habeas corpus on May 4, 2026, alleging that he had been detained unlawfully by Respondents (the "Government") in violation of the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment. *See* ECF No. 1 ¶¶ 40–55.

On June 18, 2026, the Court granted Nabijon N.'s petition in part. ECF No. 11. Specifically, the Court held that the Government's decision to detain Nabijon N. during his removal proceedings, without providing Nabijon N. a bond hearing, violated Nabijon N.'s

due process rights. *Id.* at 8. For relief, the Court ordered the Government to provide Nabijon N. a bond hearing by June 25, 2026. *Id.* at 12.

Later that day, the Government filed a notice informing the Court that on June 5, 2026, Nabijon N. was transferred into the custody of Hennepin County under a *writ of ad prosequendum*. ECF No. 12; *see also* ECF No. 13-2; *see also Habeas Corpus Ad Prosequendum*, Black's Law Dictionary (12th ed. 2024) ("A writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined."). As a result, the Government represented that Nabijon N. was in Hennepin County's custody and that it could not provide Nabijon N. a bond hearing until Nabijon N. returned to the Government's custody. ECF No. 12 at 2. In response, Nabijon N. filed a motion to enforce the judgment, asking the Court to order his immediate release because the Government had "refused" to comply with the Court's order. ECF No. 13 at 2.

The Court requested supplemental briefing and asked Nabijon N. to explain why his petition was not rendered moot upon his transfer to Hennepin County. ECF No. 17. In response, Nabijon N. asserts that he is still in federal custody because "[a]s soon as the Respondents lift the restraints on his liberty, he will be released from state jail since he posted his $6,000 state bond in October 2024." ECF No. 18 at 3-4. Nabijon N. provides no record citations or legal authority in support of this assertion. For example, assume that Nabijon N. is correct that he would be released from state custody if the Government "lift[s] the restraints on his liberty." Why would that mean, as a legal matter, that Nabijon N. is subject to the custody of the federal government for purposes of a habeas petition? *See*

2

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the "proper respondent to a habeas petition" is the person "with the ability to produce the prisoner's body before the habeas court").  Nabijon N. does not say.

The Court's supplemental-briefing order required Nabijon N. to provide "citation to relevant authority" to demonstrate that he is still in the legal custody of the federal government for purposes of this habeas petition.  ECF No. 17.  He has not done so, so his petition must be denied as moot.  *See Oumar K. v. United States*, No. 25-cv-3939 (ECT/LIB), 2026 WL 1472367, at *2 (D. Minn. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1471443 (D. Minn. May 26, 2026) (citation modified) (explaining that because "Petitioner is no longer in the" Government's custody, "the Court cannot order his release.  Any such order would be ineffectual, and therefore Petitioner's habeas petition is moot.").

To be sure, Nabijon N. remains in custody, but he has not sufficiently demonstrated that the federal government is his legal custodian, such that the currently named respondents are the proper respondents to his habeas petition.  To the extent that Hennepin County or its officials are Nabijon N.'s legal custodians, they are not respondents here, so the Court has no authority to order them to do anything, including returning Nabijon N. to the Government's custody.[1]

---

[1]    The Court is aware that on July 6, 2026, Nabijon N. moved in state court to quash the *writ of ad prosequendum*.  *State v. [Nabijon N.],* No. 27-CR-24-18065, Index #41 (Minn. Dist. Ct. July 6, 2026).

Because the habeas petition was moot when it was issued on June 18, 2026, the Court had no authority to enter an order partially granting it.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Order Granting Habeas Petition (ECF No. 11) and Judgment (ECF No. 14) are **VACATED**;

2. The Motion To Enforce Judgment (ECF No. 13) is **DENIED**; and

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: July 16, 2026                    *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge